# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **TSHAI BUDHI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:11-CV-2785-TWT-AJB** |
| | : | |
| **BAC HOME LOANS SERVICING, L.P.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER FOR SERVICE OF
## <u>REPORT AND RECOMMENDATION</u>

Attached is the Report and Recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). The

Clerk is **DIRECTED** to serve upon counsel for the parties and directly upon any

unrepresented parties a copy of the Report and Recommendation and a copy of this

Order.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any,

to the Report and Recommendation within **fourteen (14)** days of service of this Order.

Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be

served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this __16th__ day of __April__, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **TSHAI BUDHI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION FILE NO.** |
| **v.** | : | **1:11-CV-2785-TWT-AJB** |
| | : | |
| **BAC HOME LOANS SERVICING, L.P.,** | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Before the Court is Defendant Bank of America, N.A.'s ("BANA") motion to dismiss, [Doc. 5],[1] and Plaintiff's motion to strike certain affirmative defenses from former defendant Experian Information Solutions, Inc.'s ("Experian") answer, [Doc. 12]. For the reasons below, the undersigned **RECOMMENDS** that BANA's motion to dismiss be **GRANTED**, that Plaintiff's motion to strike be **DENIED AS MOOT**, and that the complaint be **DISMISSED**.

## I. Introduction

The relevant procedural history is as follows.

---

[1]     In its motion to dismiss, BANA indicates that it is the successor by merger to BAC Home Loans Servicing, LP.  [Doc. 5 at 1].

On August 20, 2011, Plaintiff filed a complaint in this Court against BANA, Experian, and Equifax Information Services, LLC ("Equifax"). [Doc. 1]. Plaintiff later voluntarily dismissed all of her claims against Experian and Equifax. [Docs. 24, 27].[2] On September 23, 2011, BANA filed a motion to dismiss. [Doc. 5]. After three extensions of time, [Docs. 15, 18, 21], Plaintiff responded on November 18, 2011, [Doc. 23], and BANA replied on December 1, 2011, [Doc. 25].

In her complaint, Plaintiff alleges that BANA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and she seeks a declaratory judgment that BANA violated the FDCPA and that any claim BANA may have against Plaintiff is barred by New Jersey's anti-deficiency statute. [Doc. 1 ¶ 2].[3] The factual allegations, as claimed by Plaintiff, are as follows.

---

[2]  Because Experian is no longer a party, the undersigned **RECOMMENDS** that Plaintiff's motion to strike certain affirmative defenses from Experian's answer be **DENIED AS MOOT**. [Doc. 12].

[3]  The request for a declaratory judgment regarding the FDCPA does not reappear in the complaint outside of the "preliminary statement," and thus the undersigned does not deem Plaintiff to have requested such a declaratory judgment. To the extent such a request exists, however, the undersigned **RECOMMENDS** that the District Judge *sua sponte* **DISMISS** the claim, given the lack of merit of Plaintiff's FDCPA claim, as discussed below in the text.

AO 72A
(Rev.8/8
2)

On August 31, 2005, Plaintiff purchased the property at 719 South 14th Street, Newark, New Jersey (the "Property"). [*Id.* ¶ 11]. She financed the purchase with a mortgage ("First Mortgage") with "Countrywide Home Loan, Inc."("CHLI"), Loan No. 122749109, in the amount of $263,079. [*Id.* ¶ 12].[4] She also obtained a second mortgage ("Second Mortgage") with "Countrywide Bank, NA," Loan No. 112749112, in the amount of $50,875.41. [*Id.* ¶ 13]. On January 10, 2006, Plaintiff refinanced the Second Mortgage with Loan No. 112827560 in the amount of $52,200. [*Id.* ¶ 14].

Because of a decline in income in 2008, Plaintiff fell behind on the payments for the First and Second Mortgages. [*Id.* ¶ 16]. On or about June 20, 2008, CHLI instituted foreclosure proceedings with respect to the First Mortgage. [*Id.* ¶ 17]. On or about March 30, 2010, a writ of execution was issued, and title of the Property was transferred to the Federal Home Loan Mortgage Association. [*Id.* ¶¶ 20-21].

No proceeding was brought to confirm the foreclosure sale of the Property, and BANA has not institute an action to collect any deficiency with respect to the First or Second Mortgages. [*Id.* ¶¶ 24-26]. Plaintiff thus contends that any claim for deficiency is barred by the three-month statute of limitations of N.J. Stat. Ann. § 2a:50-2. [Doc. 1 ¶¶ 27-28].

---

[4]     On or about July 1, 2009, BANA acquired CHLI. [*Id.* ¶ 18].

AO 72A
(Rev.8/8
2)

After June 30, 2010 (i.e., after three months from the date of the foreclosure sale), BANA made representations to Experian and Equifax that monies were owed by Plaintiff with respect to the Second Mortgage. [*Id.* ¶ 29]. In December 2010, Plaintiff requested and received from Equifax a copy of her credit file that included a credit line reported by BANA that Plaintiff owed $62,214 on the Second Mortgage. [*Id.* ¶¶ 30-31]. Plaintiff disputed this with Equifax, citing N.J. Stat. § 2a:50-2. [Doc. 13 ¶ 32]. Equifax investigated and verified the information with BANA. [*Id.* ¶ 33]. Plaintiff disputed the accuracy of the BANA credit line again in June 2011, and Equifax replied on June 30, 2011, that the matter had been investigated, that Plaintiff was $77,667 past due on the First Mortgage, and that the Second Mortgage had a balance of $62,214. [*Id.* ¶¶ 34-35].

On several occasions in the last two years, Plaintiff requested her credit filed with Experian, and she received a report that included a credit line reported by BANA that Plaintiff owed $62,214 on the Second Mortgage and that $10,677 was past due. [*Id.* ¶¶ 36-37]. Plaintiff disputed this several times with Experian on the basis of the New Jersey anti-deficiency statute. [*Id.* ¶ 38]. Each time, Experian responded that the information had been investigated and verified. [*Id.* ¶ 39]. On June 26, 2011, Plaintiff again reviewed the Experian credit file and disputed the information, and Experian

4

replied that the information had already been investigated and was accurate.  [*Id.* ¶¶ 40-42].

## II.    Motion to Dismiss Standard

A court will grant a Rule 12(b)(6) motion to dismiss if the complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under Rule 8 of the Federal Rules of Civil Procedure, a pleading states a claim when it contains, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed R. Civ. P. 8(a)(2).  To determine whether a complaint fails to state a claim, the Court must apply the standard announced by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 555 (2007), described as follows:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's

AO 72A
(Rev.8/8
2)

liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (alterations, citations, and internal quotation marks omitted).

## III. Discussion

### A. FCRA

#### 1. Arguments of the Parties

In its motion to dismiss, BANA notes that Plaintiff's FCRA claim is not based on any allegation that the amount of the debt was reported inaccurately, that the debt does not exist, or that any representation by BANA that the debt is owed is inaccurate. [Doc. 5 at 7]. Further, BANA observes that the running of the limitations period to initiate an action on a debt does not distinguish the debt itself, and federal courts in New Jersey have held that non-judicial efforts to collect a time-barred debt do not

6

constitute violations of the FCRA or FDCPA. [*Id.* at 8]. Thus, according to BANA, BANA's representations to Experian and Equifax were accurate, and Plaintiff has no FCRA claim. [*Id.* at 9]. Finally, BANA states that to the extent Plaintiff seeks to assert an FCRA claim regarding BANA's alleged failure to investigate, any such claim must fail because Plaintiff sets forth no allegations as to what BANA investigated, how the investigation was not full or proper, what BANA reviewed, or how the review failed to include all relevant information; instead, BANA contends, Plaintiff recites the elements of a furnisher FCRA claim without providing any factual support. [*Id.*].

In response, Plaintiff notes that she alleged that "there was no amount owing" with respect to the Second Mortgage. [Doc. 23 at 10]. She further states that a furnisher's report may be accurate as far as it goes but could still be "incomplete," and the report here was incomplete in that it did not include the information that the debt was disputed. [*Id.* at 11 (citing *Saunders v. Branch Banking & Trust Co.*, 562 F.3d 142 (4th Cir. 2008)].

In reply, BANA first states that Plaintiff specifically alleges that she communicated to Equifax and Experian that she disputes that she owes money to BANA, stopping short of actually alleging that no money is owed; and Plaintiff does not allege that she ever directly communicated the purported dispute to BANA.

7

[Doc. 25 at 4]. Further, BANA states that because Plaintiff asserts that she does not owe anything to BANA because of the running of a statute of limitations – a fatally deficient theory – her conclusory allegation that nothing is owed is not entitled to acceptance as truth for the purposes of the motion to dismiss. [*Id.* at 5]. Second, BANA attacks as unsupported and conclusory Plaintiff's allegation that BANA failed to properly investigate Plaintiff's "dispute that no amounts were owed to [BANA]," given that Plaintiff provides no allegations regarding how BANA investigated or how any investigation was not full or proper. [*Id.* at 5-6]. Third, BANA states that while Plaintiff contends that BANA should have reported the debt as disputed to Equifax and Experian, the complaint does not allege anything regarding what BANA reported to Equifax and Experian in response to their requests for verification, except that the debt "had been verified by [BANA] and determined to be accurate." [*Id.* at 7]. Further, BANA notes that Plaintiff does not allege that she directly contracted BANA to dispute the debt, which is a prerequisite to trigger an FCRA obligation to report the debt as disputed. [*Id.* at 7-8]. Fourth, BANA observes that there is no allegation in the complaint that BANA's reporting of the debt is incomplete or misleading, and Plaintiff gives no authority for the proposition that failure to report a debt as time-barred renders the report incomplete or misleading. [*Id.* at 9-10].

8

AO 72A
(Rev.8/8
2)

## 2.    Analysis

Section 1681s-2(b) of the FCRA is accompanied by the heading, "Duties of furnishers of information upon notice of dispute," and provides the following:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
> (i) modify that item of information;
>
> (ii) delete that item of information; or
>
> (iii) permanently block the reporting of that item of information.

9

15 U.S.C. § 1681s-2(b)(1) (emphasis added).

Here, Plaintiff contends that BANA violated this section

> by continuing to assert that monies were owed by Ms. Budhi on the Second Mortgage in response to verification requests from EXPERIAN and EQUIFAX; by failing to fully and properly investigate Ms. Budhi's dispute that no amounts were owed to [BANA]; by failing to review all relevant information regarding same; by failing to accurately respond to EQUIFAX and EXPERIAN verification requests; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the [BANA] representations to consumer reporting agencies.

[Doc. 1 ¶ 67]. Plaintiff does not offer any specific, non-conclusory allegations regarding how the investigation was deficient, but it is clear from the complaint that she believes she owed no debt to BANA, [*see* Doc. 1 ¶ 32 ("On or about December 23, 2010, Ms. Budhi disputed the BANA representation with respect to the Second Mortgage information with EQUIFAX and stated that there was no amount owing because of the anti-deficiency provision of N.J. Stat. § 2a:50-2.")]. Notably, however, Plaintiff does not contend that she is current on her payments. Rather, she appears to believe that she owed nothing because a statute of limitations had run.[5] The dispositive

---

[5]     The New Jersey statute cited by Plaintiff states that "[t]he action for any deficiency shall be commenced within 3 months from the date of the sale or, if confirmation is or was required, from the date of the confirmation of the sale of the mortgaged premises." N.J. Stat. Ann. § 2A:50-2.

AO 72A
(Rev.8/8
2)

question with respect to this claim, then, is whether the New Jersey anti-deficiency provision cited by Plaintiff operates to extinguish the debt such that BANA provided inaccurate information in verifying that the debt was accurate.

As the cases cited by BANA indicate, the answer to that question is no. For example, in *Green v. NCO Inovision*, Civil Action No. 09-410, 2010 WL 147934 (D.N.J. Jan. 11, 2010), the court rejected the plaintiff's assertion that the defendant violated the FDCPA when it attempted to collect on a debt for which the six-year statute of limitations had expired:

> While a statute of limitations may bar the use of judicial remedies to enforce a particular right, it does not eliminate the underlying right. *Davis v. Mills*, 194 U.S. 451, 456, 24 S.Ct. 692, 48 L.Ed. 1067 (1904). Therefore, even if NCO could no longer sue Plaintiff in court to collect on the debt (which it has not attempted to do), the running of the statute of limitations would not eliminate the debt itself nor the debt collector's right to contact the consumer in an attempt to collect the debt. There is no cause of action for attempting to collect an expired debt and therefore this claim must also be dismissed.

*Green*, 2010 WL 147934 at *3; *accord Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 33 (3d Cir. 2011) (per curiam) ("[U]nder New Jersey law, Huertas's debt obligation is not extinguished by the expiration of the statute of limitations, even though the debt is ultimately unenforceable in a court of law. In other words, Huertas still owes the debt – it is not extinguished as a matter of law – but he has a complete legal defense against

11

having to pay it.") (citations and footnote omitted). Given this authority, it is evident that Plaintiff's debt was not extinguished, and thus BANA did not err in verifying the debt's existence.

Citing the Fourth Circuit's opinion in *Saunders*, Plaintiff nevertheless contends that BANA should at least have indicated that the debt was disputed, [Doc. 23 at 11], but that case means little here because there is no indication that Plaintiff in fact told BANA that she disputed the debt, [*see* Doc. 1]. Absent some indication that Plaintiff actually disputed the debt with BANA, BANA could not have a duty to report the debt as disputed, and thus the failure to report a dispute would not have made BANA's report incomplete.

To the extent Plaintiff's FCRA claim relies on purported failures in BANA's investigation, any such claim must fail because Plaintiff provides absolutely no information as to how the investigation was deficient. Instead, she conclusorily states, for example, that BANA "fail[ed] to fully and properly investigate [Plaintiff's] dispute," and "fail[ed] to review all relevant information regarding same," [Doc. 1 ¶ 67]. This is the classic "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court deems insufficient to state a claim. *Iqbal*, 556 U.S. at 678.

For all these reasons, any claim premised on the FCRA fails.

AO 72A
(Rev.8/8
2)

**B.     FDCPA**

**1.     Arguments of the Parties**

In its motion to dismiss, BANA argues that BANA's representations that there is still a debt are accurate and thus cannot form the basis for an FDCPA claim.  [Doc. 5 at 10].  BANA further notes that Plaintiff has not alleged that the amount represented by BANA as being owed is incorrect, that BANA made a false representation concerning the time-barred status of the debt or the application of the New Jersey statute, or that BANA has taken any action to collect the debt or threatened to file an action that would be time-barred.  [*Id.* at 11].

In response, Plaintiff contends that because the complaint states that Plaintiff's debt is "barred" by the New Jersey statute, BANA falsely represented the character and legal status of the debt (in violation of 15 U.S.C. § 1692e(2)(A)) by failing to note that "it was barred," and BANA further violated § 1692e(8) by failing to report the debt as disputed, given that it is uncontroverted that Plaintiff disputed the debt.  [Doc. 23 at 13-14 (citing *Janti v. Encore Capital Grp.*, No. 09CV1969 JLS (CAB), 2010 WL 3058260, at *4 (S.D. Cal. Aug. 3, 2010) ("Complaint adequately alleges that the legal status of Plaintiff's debt was falsely represented by specifying that Plaintiff's debt was time-barred by the applicable statute of limitations . . . .)].

13

In reply, BANA states that, contrary to Plaintiff's assertion, the complaint does not state that BANA did not report the debt as disputed, or indeed anything at all regarding what BANA reported to Equifax and Experian in response to their verification requests. [Doc. 25 at 7]. BANA also notes that Plaintiff does not allege that she directly contacted BANA to dispute the debt, and Plaintiff has not in any event provided authority that a furnisher is required to report meritless disputes to credit-reporting agencies. [*Id.* at 8]. Finally, BANA distinguishes the case cited by Plaintiff (*Janti*), noting that the credit agency there had mailed a series of communications to the plaintiff indicating that it was attempting collection of the time-barred debt and later sued on the time-barred debt, actions that are expressly forbidden by the FDCPA; yet here, Plaintiff has not alleged that BANA filed suit on the time-barred debt or threatened to take any other unlawful action, and thus Plaintiff has not alleged an FDCPA violation. [*Id.* at 8-9].

### 2.    Analysis

The FDCPA "sought 'to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' " *LeBlanc v. Unifund*

AO 72A
(Rev.8/8
2)

*CCR Partners*, 601 F.3d 1185, 1190 (11ᵗʰ Cir. 2010) (quoting 15 U.S.C. § 1692(e)).

In order to prevail on an FDCPA claim, a plaintiff must establish that:

> (1) [she][has] been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.*, Civ. No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (Thrash, J., adopting Vineyard, M.J.) (second alteration in original) (quoting *Beadle v. Haughey*, No. Civ. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005), and *Russey v. Rankin*, 911 F. Supp. 1449, 1453 (D.N.M. 1995) (alteration in original)); *accord McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008).

Among other things, the FDCPA prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2), as well as "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," 15 U.S.C. § 1692e(8).  BANA cannot be said to have violated these provisions, despite Plaintiff's wholly conclusory allegations to the contrary, [*see* Doc. 1 ¶ 76 ("Defendant [BANA's] violations of the

15

FDCPA include, but are not limited to, falsely representing the amount and legal character of the debt in violation of 15 U.S.C. §1692e(2)(A) and making false representations to EQUIFAX and EXPERIAN in violation of 15 U.S.C. §1692e(8).")]. First, the complaint does not contain an allegation that BANA failed to report to the credit-reporting agencies that BANA would be time-barred from obtaining judicial enforcement of the debt, which necessarily defeats an FDCPA claim under § 1692e(2) because that is the very action generating liability under that section. Second, as with the FCRA claim, any FDCPA claim premised on the allegation that BANA failed to report the debt as disputed must similarly fail because there is no specific allegation in the complaint that the debt was disputed or that, if it was, BANA did not report this.

For these reasons, any claim premised on the FDCPA fails.

## C.     Declaratory Judgment

### 1.      Arguments of the Parties

In its motion to dismiss, BANA states that Plaintiff's request for the court to enter a declaratory judgment that "BANA is barred from pursuing any deficiency on the First and/or Second Mortgage against [her]" is impermissibly vague – and therefore subject to Rule 12(b)(6) dismissal – because it does not define "pursuing" nor differentiate between non-judicial and judicial means of "pursuing any deficiency."

16

[Doc. 5 at 11].  BANA further contends that to the extent Plaintiff seeks a declaratory judgment establishing that her debt is extinguished or that BANA is barred from collecting the debt through non-judicial means, there is no such extraordinary remedy, because the running of New Jersey's anti-deficiency statute of limitations does not eliminate the debt or preclude non-judicial collection efforts.  [*Id.* at 12].

In response, Plaintiff states that she is requesting a declaratory judgment that BANA "is barred from pursuing a deficiency on the First or Second Mortgage against Plaintiff," "which is a permissible use of the declaratory relief procedure," and the contention that the request is vague is unfounded.  [Doc. 23 at 15].

In reply, BANA states that this case is about credit reporting, not unlawful attempts to collect a time-barred debt.  [Doc. 25 at 10].  BANA notes that Plaintiff has not alleged that BANA is attempting to collect the debt or that BANA has filed or threatened to file suit, and thus Plaintiff fails to allege a justiciable controversy necessary to obtain declaratory relief.  [*Id.* at 11].

### 2. Analysis

In her complaint, Plaintiff asks the Court to "enter a declaratory judgment that [BANA] is barred from pursuing any deficiency on the First and/or Second Mortgage against [Plaintiff]."  [Doc. 1 ¶ 65].  This request should be denied.  The undersigned

17

initially notes that it is not entirely clear what Plaintiff is seeking. To the extent she seeks a declaratory judgment that BANA cannot use any means at all to collect the debt, that would be an incorrect statement of the law. As discussed above, while the New Jersey statute appears to prohibit BANA from collecting the debt through judicial means, that does not mean the debt is extinguished and that BANA may not collect the debt through certain non-judicial means. Further, to the extent Plaintiff simply seeks a declaratory judgment that BANA cannot collect the debt through judicial means, such a holding would be inappropriate in the present context because there is no indication that BANA seeks to do so. As the Eleventh Circuit has held,

> in actions brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, "the threshold question is whether a justiciable controversy exists." *Atlanta Gas Light Co. v. Aetna Cas. and Surety Co.,* 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted). In declaratory judgment actions, to show a justiciable controversy, the party invoking federal jurisdiction must allege facts showing:
>
> > at an irreducible minimum, that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition.
>
> *Id.* (internal quotation marks and citation omitted). The controversy must be "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotation marks and citation omitted).

18

*Cummings v. State Farm Mut. Auto. Ins. Co.*, 323 Fed. Appx. 847, 847 (11th Cir. Apr. 22, 2009).

Here, there is no justiciable controversy with respect to whether BANA may collect the debt through judicial enforcement because there is no indication that BANA is attempting to do so.[6]  It would be inappropriate for the Court to enter a judgment premised on facts that have not been alleged, and the Court should decline the invitation.

## IV.    Conclusion

For the reasons above, the undersigned **RECOMMENDS** that the motion to dismiss be **GRANTED**, [Doc. 5], that Plaintiff's motion to strike be **DENIED AS MOOT**, [Doc. 12], and that the action be **DISMISSED**.[7]

---

[6]    In fact, the complaint itself alleges that as of the date of the commencement of the action, BANA had not instituted an action to collect any deficiency on the First and Second Mortgages, [Doc. 1 ¶¶ 25-26].

[7]    Plaintiff requests leave to amend if the Court dismisses any part of Plaintiff's complaint.  [Doc. 23 at 15-16].  As a judge in this district has noted,

> Federal Rule of Civil Procedure 15(a)(2) provides that a "court shall freely give leave [to amend pleadings] when justice so requires." "District Courts have broad discretion to grant or deny the leave to amend.  In the absence of undue delay, bad faith, dilatory motive or undue prejudice, leave to amend is routinely granted." *Forbus v. Sears Roebuck & Co.,* 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Foman v. Davis,* 371 U.S. 178,

AO 72A
(Rev.8/8
2)

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 16th day of April, 2012.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

_____

182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

*Schindler v. Deal*, No. 1:10-CV-4012-WSD, 2012 WL 1110082, at *4 (N.D. Ga. Mar. 30, 2012) (Duffey, J.) (alterations in original). Because there is no indication of undue delay, bad faith, dilatory motive, or undue prejudice, and because BANA did not address in its reply Plaintiff's request to amend, the undersigned recommends that dismissal be without prejudice. In the event that the District Judge adopts the undersigned's recommendation regarding dismissal without prejudice, the undersigned **WARNS** Plaintiff that failure to plead non-conclusory allegations in any amended pleading may result in a *sua sponte* recommendation that the complaint be dismissed with prejudice.

AO 72A
(Rev.8/8
2)